Daniel, j.
 

 The defendants are charged in the indictment; that they, being the President and Directors of that part of the
 
 public Buncombe Turnpike road,
 
 leading from the Tennessee line to the South Carolina line, which lies between Big Mud creek and the South Carolina line, in the county oí Henderson, did negligently permit the said public road, of which they were President and Directors, in the county aforesaid, to become ruinous, &c. against the form of the statute,-&c.
 

 There is a statute (2 Rev. Stat. p. 418) incorporating a company under the name and style of the “ Buncombe Turnpike Company,” for the purpose of making a turnpike road from the'Saluda Gap to the Tennessee line. The 9th section oí the act declares, that the road shall be a public highway. The 13th section
 
 directs,
 
 that all hands liable to work on roads, residing within two miles on either side of the said turnpike road, shall be liable to do six days work, in each and every year, on the said turnpike road, under the direction of the President and Directors of
 
 the
 
 said Company
 
 ;
 
 and the hands as aforesaid, when warned to work on the said road, shall be liable to the same fines and penalties for neglect, as persons failing to work on public roads in this States
 
 *19
 
 We think it was the duty of the Buncombe Turnpike Company to keep up the road, and that therefore the corporation is liable to an indictment, if the road be suffered to become ruinous. Any default in those bound to repair public highways, may be redressed by criminal prosecution. 3 Chit. Crim. Law 566. Hawkins’P. C. B. 1.ch. 76, s. 1. We also think that the individuals, who haye been indict.ed, were bound, by virtue of their offices, faithfully to exert all their powers and apply all their means, as such officers, to the keeping of the road in order; and that for a default in this public duty they were liable to indictment. But as they were not absolutely bound to keep up the road, they cannot be charged, merely because the road has become ruinous. Besides, if they were so liable, the indictment ought to have shewn how that liability was thrown upon them. In England we see; that, where a public Statute changes the common law duty of the parish to a particular class of persons to keep in repair a public highway where that particular class of persons are indicted for neglect of duty, the indictment contains an averment, that it was i: their duty and of right they ought to have kept the said road in repair, &c.” 3 Chit. Crim. Law. 584.
 
 Note
 
 C. There is no such averment in the present indictment.
 

 We are of opinion that the judgment must be arrested.
 

 Per Curiam, Judgment' arrested-